[Civil No. 2394.   Filed March 1, 1926.]

[243 Pac. 611.]

R. V. ALEXANDER, Administrator of the Estate of RAYMOND V. PATTON, Deceased, Appellant, v. H. F. SONNEMAN, Administrator of the Estate of BEULAH J. PATTON, Deceased, and Mrs. SUSANNAH PATTON, Guardian of the Person and Estate of RAYMOND OTOE PATTON, a Minor, Appellees.

1. APPEAL AND ERROR—STATEMENT OF COUNSEL THAT SOLE QUESTION IS WHETHER ADMINISTRATOR IS CHARGEABLE FOR RENTAL OF PROPERTY WHICH HE NEVER RENTED HELD INSUFFICIENT ASSIGNMENT OF ERROR.—Statement of counsel that only question for court to determine was whether administrator is chargeable for rental of property which he never rented, and from which he received no revenue, *held* insufficient as assignment of error.

2. COSTS.—The presentation of brief and record, from which court cannot determine whether trial court erred, warrants imposition of penalty for frivolous appeal.

3. COSTS.—Administrator prosecuting frivolous appeal from order rejecting final account may be required to pay interest from date of order on cash representing total value of estate.

See (1) 3 C. J., p. 1349, n. 59.   (2, 3) 15 C. J., p. 283, n. 29 New; 24 C. J., p. 1025, n. 79 New.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Fred C. Struckmeyer, Judge. Judgment modified and affirmed.

Mr. Weldon J. Bailey, for Appellant.

Messrs. Hayes, Stanford, Laney & Allee and Mr. Thomas P. Walton, for Appellees.

LOCKWOOD, J.—We have carefully perused and reperused the brief of appellant. From it, after a most meticulous examination, we are able to gather only a statement that appellant, as administrator, presented a final account which was objected to by appellees, and that the court rejected the account and directed that another be filed. Thereafter appellant filed an amended account which "presented a different state of facts than did the other account," and the court rejected the amended account, and charged the administrator with the rental value of certain real property belonging to the estate, when he never received any rental for the use of said property.

No formal assignment of error whatsoever is made, but counsel states:

"There is only one question for this court to determine, and that question is this: Is an administrator chargeable for the rental of property, when he never rented the property and never received any income or revenue whatsoever from said property?"

If counsel submits this question as an abstract proposition of law, to be determined by this court for the future guidance of the bar, we can only answer it by stating that it depends upon the circumstances of the case. If, on the other hand, it is intended as an assignment of error, it is utterly insufficient under our rules. Nowhere in the brief of appellant is there pointed out to us where the trial court made a ruling of the kind inferentially complained of by the brief. Neither does either brief or abstract of record show upon what the court based its order that the admin-

istrator must account for the sum set forth in the minute entry found in the abstract.

There is nothing in the brief and abstract of record considered together, from which we can determine whether or not any error was committed by the trial court in settling the account. The presentation of a record of this nature is unfair to this court and to the opposing party, and we feel that the case is one wherein the statute imposing a penalty for frivolous appeals should be enforced. We further believe that, since the order for distribution was made in October, 1924, it would be unjust to appellee that appellant should retain possession of the cash representing the total value of the estate for nearly a year and a half without being charged with interest thereon.

The order of distribution, made by the superior court of Maricopa county, is hereby affirmed, with the addition of six per cent interest from the date of said order, and the further sum of one hundred dollars as damages for a frivolous appeal.

McALISTER, C. J., and ROSS, J., concur.